UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES LEE WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-247-WTL-WGH |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of James Lee Watson for a writ of habeas corpus must be denied.

**Background**

Watson was convicted by a jury of armed robbery and related firearms charges. The Tenth Circuit affirmed Watson's conviction and sentence. *United States v. Watson*, 207 F.3d Appx. 913 (10th Cir. 2006). The trial court denied his motion for relief pursuant to 28 U.S.C. § 2255, *United States v. Watson*, 2010 WL 4721524 (N.D.Okla. 2010), and the Tenth Circuit affirmed the denial. *See United States v. Watson*, 432 Fed. Appx. 778 (10th Cir. 2011).

Watson's claims in his 28 U.S.C. § 2255 motion were rejected. The trial court found that certain claims were time-barred, concluded that Watson had not been denied the effective assistance of counsel in connection with plea negotiations, at trial, or in the direct appeal, found that certain claims had been procedurally defaulted, and found that Watson had failed to show cause for and prejudice from that procedural default. These determinations were made without an evidentiary hearing.

Watson was confined within the Southern District of Indiana at the time this action was filed. He challenges his conviction pursuant to 28 U.S.C. § 2241. Watson's habeas claim is that he now has evidence—the affidavit of another inmate, Corey Crawford—showing that Watson is actually innocent of several of the robberies of which he was convicted.

## Discussion

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

Consistent with the foregoing, a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v. Bell,* 547 U.S. 518, 537-38 (2006). *Horner v. Knight*, 2008 WL 2486502 (S.D.Ind. June 18, 2008).

The dispositive question here is whether Watson's habeas claim permits him to traverse the portal created by § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler,* 180 F.3d 753, 755–56 (6th Cir. 1999).

"The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Watson's habeas claim could have been asserted in his motion for new trial. It was not. Watson's habeas claim could have been asserted in his first § 2255 motion. It was not. Watson has had and has used his one unencumbered opportunity to receive a decision on the merits of his collateral challenge. The present habeas claim does not qualify for consideration under 28 U.S.C. § 2255(e).

## Conclusion

The petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Thus, he cannot circumvent the restriction on filing successive § 2255 motions by filing this § 2241 action, which must be dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/06/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

James Lee Watson
09593-062
USP Beaumont
P.O. Box 26030
Beaumont, Texas 77720